**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

AUSBERTO DAVILA,

       Petitioner,       Civil No. 08-0893 (RMB)

   v.

J. GRONDOLSKY,               **O P I N I O N**

       Respondent.

---

**APPEARANCES:**

Ausberto Davila, Pro Se
#56996-066
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

**BUMB**, District Judge

    Petitioner Ausberto Davila, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  The sole respondent is Warden J. Grondolsky.

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
...
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Because it appears from a review of the petition that this Court lacks jurisdiction, and that it is not in the interest of justice to transfer, the Court will dismiss the petition.  See 28 U.S.C. §§ 1631, 2243, 2244(a), 2255.

## BACKGROUND

In March of 2004, Petitioner was convicted of various drug and firearm offenses in the United States District Court for the Eastern District of Pennsylvania.  He was sentenced to 132 months imprisonment.

On October 12, 2004, Petitioner submitted, in his criminal case, a notice to appeal his conviction to the Court of Appeals for the Third Circuit.  See United States v. Davila, 03-cr-185 (JKG)(E.D. Pa. Oct. 12, 2004)(docket entry 97).  On March 9, 2005, Petitioner submitted in his criminal case a pro se motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255.  See id. (docket entry 100).  That motion was dismissed as moot on February 3, 2006.  See id. (docket entry 103).  Later that month, on February 23, 2006, Petitioner filed a second motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255.  See id. (docket entry 104). Petitioner raised ineffective assistance of counsel claims in that motion.  On October 29, 2007, the United States responded to the § 2255 motion.  See id. (docket entry 112).

On January 28, 2008, a Magistrate Judge in the Eastern District of Pennsylvania ordered that Petitioner's pending § 2255 motion be held in abeyance until resolution of his direct appeal in the Third Circuit.  See id. (docket entry 115).  The Report and Recommendation of the Magistrate Judge was approved and adopted by the District Judge on February 25, 2008.  See id. (docket entry 116).

Meanwhile, the instant habeas petition was filed on February 13, 2008.  Petitioner argues that his firearm sentence, imposed pursuant to 18 U.S.C. § 924(c)(1), should be vacated.  He states:

> The Bailey/Robinson[2] Court specifically found that the mere placement of a firearm for protection at or near the site of a drug crime or its proceeds or paraphernalia, nor the nearby concealment of a gun to be at the ready [sic] for an imminent confrontation does not violate Sec. 924(c)(1).

(Petition, ¶ 10(a)).  Petitioner contends that the trial court erred in imposing the 36-month sentence for the firearm conviction.

### DISCUSSION

---

[2] Petitioner refers to Bailey v. United States, 516 U.S. 137, 150 (1995) (holding that "use" of a firearm in § 924(c) denotes "active employment" and that "the Government must show that the defendant actively employed the firearm during and in relation to the predicate crime").  The Supreme Court granted certiorari to Mr. Bailey and to petitioner Ms. Robinson, who presented a similar case in Robinson v. United States, and consolidated the cases for decision.  See Bailey v. United States/Robinson v. United States, cert. granted, 514 U.S. 1062 (1995).

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also 28 U.S.C. §§ 2243, 2255.

Here, Petitioner contends that he is entitled to habeas relief under § 2241, despite the fact that he has filed a previous § 2255 motion in the sentencing court (which is being held in abeyance pending the outcome of his direct appeal). Petitioner does not contend that relief under § 2255 now is "inadequate or ineffective." See In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Rather he wishes to now put forward this new claim, which he has not yet asserted in his pending § 2255 motion, that his sentence was improper pursuant to the Bailey/Robinson case.

4

As noted by the Court of Appeals for the Third Circuit in Dorsainvil, 119 F.3d at 249, a § 2255 motion, filed in the district of conviction, has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir.), cert. denied, 537 U.S. 1038 (2002); United States v. Walker, 980 F. Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241, in the district of confinement).

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention."  In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."  119 F.3d at 251.  The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255.  See id.  To the contrary,

5

the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in <u>Dorsainvil</u> because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.  <u>See id.</u> at 251-52.

As Petitioner challenges his sentence, not the manner in which his sentence is being executed, Petitioner's claims are more properly construed as those typical to a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255,[3] which is filed in the district of conviction, and over which this Court lacks jurisdiction.  Furthermore, in this case, Petitioner does not claim that § 2255 is inadequate or ineffective to resolve his claims.  Nor is Petitioner precluded from asserting his claim in

---

[3] Although this Court is reclassifying the petition as a § 2255 motion, no <u>Miller</u> notice and order is necessary to afford Petitioner an opportunity to raise additional § 2255 grounds. The purpose of the Third Circuit's decision in <u>United States v. Miller</u>, 197 F.3d 644 (3d Cir. 1999), was to provide fair warning to petitioners whose petitions were being recharacterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 petition. Such warning, the <u>Miller</u> court reasoned, is necessary because petitioners will thereafter be unable to file "second or successive" § 2255 petitions without certification by the Court of Appeals.  Because Petitioner has already pursued a § 2255 motion which remains pending and in abeyance, no purpose would be served by a <u>Miller</u> notice.

the court of conviction, as his § 2255 motion remains pending and in abeyance.

This Court notes that whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. A second or successive § 2255 motion may be brought in the district of conviction only if the applicable Court of Appeals has authorized such filing. See 28 U.S.C. § 2244.

It does not appear that it would be in the interest of justice to transfer this petition, as Petitioner already has a § 2255 petition pending in the Eastern District of Pennsylvania. Petitioner is free to file with the Eastern District of Pennsylvania the necessary documents to amend his pending § 2255 motion, in accordance with the court rules, to add the claims presented in this petition.

## CONCLUSION

For the reasons set forth above, the petition must be dismissed, without prejudice, for lack of jurisdiction. An appropriate order follows.

```
                              s/Renée Marie Bumb
                              RENÉE MARIE BUMB
                              United States District Judge
```
Dated: April 23, 2008